YAN LIU, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 06–71249.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.**

Filed Jan. 18, 2008.

Arthur J. Liu, Inter–Pacific Law Group, Inc., Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, Marie–Flore Kuoame, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

---

* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Yan Liu petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] Liu waived any challenge to the denial of withholding of removal or CAT relief by failing to raise it in his opening brief, so we review only his claim for asylum. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996). We have jurisdiction under 8 U.S.C. § 1252.

Initially, we must determine whether to review the IJ's or BIA's decision. "Generally, if the BIA conducts a de novo review of the record and makes an independent determination about whether relief is appropriate, we review the BIA's decision. If however, the BIA reviews the IJ's decision for an abuse of discretion, we review the IJ's decision." *de Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997) (internal citations omitted).

In the present case, it is unclear whether the BIA conducted an independent review of the record and made its own finding that Liu is not credible, or whether the BIA reviewed the IJ's credibility finding for an abuse of discretion. We need not resolve this issue, however, because substantial evidence supports both the BIA's and IJ's adverse credibility determinations. *Id.*; *see Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000).

The credibility of Liu's testimony was undercut by his knowing submission of a fraudulent document in support of his asylum claim. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004); *cf. Yeimane–Berhe v. Ashcroft,* 393 F.3d 907, 911 (9th Cir.2004). Although Liu provided inconsistent testimony about when he learned that the document was fraudulent, it is clear that he made the discovery no later than 2003. Liu, however, did not disclose to the IJ that the document was fraudulent until after being confronted about the matter at his January 20, 2005 merits hearing. The fraudulent document goes to issues at the heart of Liu's asylum application. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). The corroborating testimony of Liu's father also was not credible; he never corrected his declaration even though he knew that the warrant was fraudulent.

Liu's remaining evidence was not sufficient to compel a reasonable trier of fact to find in Liu's favor. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992). Consequently, Liu failed to demonstrate eligibility for asylum.

**PETITION DENIED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.